# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 15, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANE MANLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0509**  (BOR Appeal No. 2047754)
                    (Claim No. 2010129395)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dane Manley, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patriot Coal Corporation, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 24, 2013, in which the Board affirmed a September 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 7, 2010, decision granting Mr. Manley a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Manley injured his lower back on March 11, 2010, while tightening bolts on the head of a continuous miner. On September 20, 2010, Paul Bachwitt, M.D., performed an independent medical evaluation. Dr. Bachwitt found that Mr. Manley has 5% whole person impairment for range of motion abnormalities in the lumbar spine, but determined that he was fully compensated for his lumbar spine impairment through a prior award received for an injury that occurred in 2006. Dr. Bachwitt therefore recommended a 0% permanent partial disability award for the injuries sustained on March 11, 2010. On October 7, 2010, the claims administrator granted Mr.

1

Manley a 0% permanent partial disability award based on Dr. Bachwitt's independent medical evaluation.

On December 15, 2011, Bruce Guberman, M.D., performed an independent medical evaluation. Dr. Guberman determined that Mr. Manley has 14% whole person impairment for injuries to his lumbar spine. After noting that Mr. Manley received a prior award for a lumbar spine injury, he opined that Dr. Bachwitt found 12% whole person impairment for the lumbar spine and subtracted this from the 14% whole person impairment that he attributed to the lumbar spine injuries. He then placed Mr. Manley in lumbar category II of West Virginia Code of State Rules § 85-20-Table C (2006), and accordingly adjusted the amount of Mr. Manley's impairment to 5%. Dr. Guberman opined that Mr. Manley sustained 5% whole person impairment as a result of the March 11, 2010, injury.

Prasadarao Mukkamala, M.D., performed a records review on March 14, 2012. He also noted that Mr. Manley received a prior award for a lumbar spine injury occurring in 2006, and concluded that Mr. Manley was fully compensated for the March 11, 2010, lumbar spine injury through this prior award. Dr. Mukkamala opined that Dr. Guberman's impairment calculation is erroneous, and stated that Dr. Guberman apportioned for the previous lumbar spine award at the incorrect time.

In its Order affirming the October 7, 2010, claims administrator's decision, the Office of Judges held that Mr. Manley has been fully compensated for the injuries to his lumbar spine through a prior permanent partial disability award. Mr. Manley disputes this finding and asserts, per the opinion of Dr. Guberman, that he is entitled to an additional 5% permanent partial disability award.

The Office of Judges found that Dr. Bachwitt's report, and his conclusion that Mr. Manley has been fully compensated for the injuries to his lumbar spine, is reliable. The Office of Judges then determined that Dr. Guberman's report is erroneous. First, the Office of Judges determined that Dr. Guberman incorrectly concluded that Dr. Bachwitt found that Mr. Manley sustained 12% whole person impairment as a result of injuries to his lumbar spine, and further determined that Dr. Guberman's impairment rating based on this erroneous conclusion is incorrect. Second, the Office of Judges determined that Dr. Guberman apportioned for the prior permanent partial disability award at the incorrect time. Finally, the Office of Judges concluded that Dr. Mukkamala's report further demonstrates that Dr. Guberman's conclusions are seriously flawed. The Board of Review reached the same reasoned conclusions in its decision of April 24, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 15, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II